35 F.3d 556
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Evone Foreman GIBSON, Plaintiff Appellant,
v.
CHESAPEAKE & POTOMAC TELEPHONE COMPANY, Defendant Appellee.
 No. 91-2533.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 29, 1994.
Decided Sept. 9, 1994.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. Norman P. Ramsey, Senior District Judge. (CA-86-2835-R)
 Evone Foreman Gibson, Appellant Pro Se.
 Cecelia Travers Roudiez, The Chesapeake and Potomac Telephone Company, Washington, D.C., for Appellee.
 D.Md.
 AFFIRMED.
 Before WILKINSON and HAMILTON, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant appeals from the district court's orders granting summary judgment to Appellee on Appellant's claims under 42 U.S.C. Sec. 1981 (1988) and the Thirteenth and Fourteenth Amendments,[1] and dismissing her remaining claims under Title VII, 42 U.S.C.A. Secs. 2000e through 2000e-17 (West 1981 & Supp.1994), on the recommendation of the special master.[2] Our review of the record and the district court's opinions discloses that this appeal is without merit. Accordingly, we affirm on the reasoning of the district court.[3] Gibson v. C & P Telephone Co., No. CA-86-2835-R (D. Md. Apr. 18 & Apr. 29, 1991). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 The district court construed the latter two claims as claims under 42 U.S.C. Sec. 1983 (1988)
 
 
 [2]
 Appellant's Title VII claims were referred to and tried before a magistrate judge acting as special master pursuant to Fed.R.Civ.P. 53 and 42 U.S.C. Sec. 2000e-5(f)(5), after the district court determined that it could not try these claims within 120 days, as required by Sec. 2000e-5(f)(5)
 
 
 [3]
 Appellant may not claim the benefit of the Civil Rights Act of 1991, Pub.L. No. 102-166, 105 Stat. 1071 (1991), which took effect after her complaint was filed, because the Supreme Court recently held that the Act does not apply retroactively. Rivers v. Roadway Express, Inc., 62 U.S.L.W. 4271 (U.S.1994); Landgraf v. USI Film Prods., 62 U.S.L.W. 4255 (U.S.1994)